**TIFFIN et al. v. QUINN, District Grazier.**

No. 2872.

United States District Court
D. Idaho, S. D.

Feb. 12, 1952.

W. H. Langroise, W. E. Sullivan, Boise, Idaho, P. J. Gallagher, Ontario, Or., for plaintiffs.

John A. Carver, U. S. Dist. Atty., Paul S. Boyd, Asst. U. S. Dist. Atty., Herman J. Rossi, Asst. U. S. Dist. Atty., all of Boise, Idaho, for defendants.

CLARK, District Judge.

This action is prosecuted by the Plaintiff against Wilfred H. Quinn as the duly qualified and acting District Grazier of the Owyhee Grazing District of the State of Idaho, the United States Department of Interior, Bureau of Land Management, praying for a preliminary injunction against the defendant from constructing a fence and a permanent injunction, also, against the defendant from constructing a fence.

A motion has been made to dismiss the action because the Court lacks jurisdiction.

For the purpose of this motion the facts pleaded in the complaint are assumed to be true except as plaintiffs and defendant have otherwise stipulated. The complaint alleges that the defendant is an employee of the United States and a resident of the State of Idaho, and that the suit is brought against the defendant for a violation of the rights of plaintiffs accruing to them under the provisions of the Taylor Grazing Act passed by the Congress of the United States June 28, 1934, as amended, being 43 U.S.C.A. § 315 et seq., and that the matter on controversy exceeds the sum or value of $3000, and alleges that jurisdiction is conferred upon this Court by the Act of June 25, 1948, C. 646, 62 Stat. 930, Title 28 U.S.C.A. § 1331. The plaintiffs allege that for many years last past they have been engaged in the production, grazing and marketing of livestock and in so doing they and each of them make use of said property or properties and watering places for the purpose of producing hay, grain and forage for the sustenance of their said livestock. That they are dependent upon the public land adjacent to their ranches and particularly between their ranches and the boundary line between the State of Oregon and Idaho for forage during the Spring, Summer and Fall of each year; that they have for many years grazed their livestock on an area immediately east of the aforesaid State boundary between the State of Oregon and the State of Idaho, which lands have been organized and included by the Secretary of Interior in a grazing district known as the Owyhee Grazing District. The defendant is described in the action as the District Grazier of the Owyhee Grazing District, Bureau of Land Management of the United States Department of Interior. It is not disputed that the defendant's proper title is District

Range Manager of said Grazing District. The complaint alleges that the Defendant in his official capacity is constructing the fence in question and when constructed it will prevent plaintiffs' cattle from grazing or watering on any part of the area lying east of the fence or making use of the water or forage thereon and that the defendant intends to award the use of watering and grazing facilities to other persons and that such action on the part of the defendant will compel plaintiffs to restrict and control their livestock operations to a point where it will be unprofitable for them to engage therein, thereby adversely affecting the values of their ranches, operating facilities and stock raising business.

It is undisputed that the plaintiffs are the owners of and in control of the ranches and are in the livestock business as alleged in the complaint and that they are dependent for year long livestock operation on the public domain; that licenses have been issued to the plaintiffs as set forth in the affidavit of Wilfred H. Quinn filed herein. It is also stipulated that the United States acting through the Bureau of Land Management has contracted for the construction of a fence of the nature and at the location described in the copy of the contract attached to the affidavit of Joseph H. Freidly filed herein. It is also stipulated that said fence when construction is finally completed will include, at intervals, several gates, each of a type which may be readily opened and closed and of sufficient dimension to permit the passage of livestock when opened.

The contract for the construction of the fence was entered into by one F. G. Freidly, Regional Administrative Officer with one Otis E. Wells to construct the fence in question. The defendant in this case was not a party to the contract. If the plaintiffs' rights are being invaded there is no thought here that he has any control or jurisdiction over the contract for the construction of the fence, entered into by the Regional Administrative Officer. There is no attempt to bring in the principal, United States of America, nor the Regional Administrative Officer, and an injunction against the individual defendant named herein would not in any way interfere with the performance of the construction contract. The defendant here has no control over the acts of the sovereign, which in this case is the Government, or over the acts of the Regional Administrative Officer.

Quinn, the defendant here has no authority to construct the fence nor does he have any authority to say whether such a fence should be constructed.

Section two of the Taylor Grazing Act provides in part: "The Secretary of the Interior shall make provision for the protection, administration, regulation, and improvement of such grazing districts as may be created * * * and do any and all things necessary to accomplish the purposes of this Act and to insure the objects of such grazing districts, namely, to regulate their occupancy and use, to preserve the land and its resources from destruction or unnecessary injury, to provide for the orderly use, improvement, and development of the range".

Certainly the defendant here has not authority. The authority is given the Secretary of Interior, and without passing on the question as to whether an action would lie against the Secretary of Interior or the Regional Administrative Officer, it appears plainly that the defendant Quinn is only acting within the scope of his authority as District Range Manager of the Owyhee Grazing District. Such an action cannot be maintained against him in that capacity.

It is not necessary for the Court to pass upon the other questions raised because it appears clearly that no cause of action is alleged against the defendant and that neither J. G. Freidly, Regional Administrative Officer nor the United States, who has not consented to be sued nor waived its immunity from suit in this proceedings, will be effected by any order made by the Court and that the Court lacks jurisdiction to issue any injunction under the allegations as here presented to the Court and the admitted facts.

The motion to dismiss will be sustained, and it is so Ordered.